**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

June 17, 2026

Honorable Gary R. Brown
United State District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Angel Jesus Almonte v. Genalo, et al.,* 26-cv-3633 (Brown, J.)

Dear Judge Brown:

This Office represents Respondents in connection with the above captioned habeas petition and motion for a temporary restraining order filed by Petitioner Angel Jesus Almonte ("Petitioner") on June 17, 2026 (Docket Entry ("DE") ##1-2). This letter is respectfully submitted pursuant to Your Honor's Order to Show Cause dated June 17, 2026 (DE #5). Petitioner's basis for detention is made pursuant to 8 U.S.C. § 1226(a).

Respondents provide the following information as required by Your Honor's order to provide the Court with information of a "particularized reason to believe that Petitioner presents a danger to the community, a flight risk" or any information that Petitioner should be detained due to his involvement with "illegal narcotics, violence, criminal history, firearms [or] gang affiliation, and the like." *See* DE #5.

By way of background, Petitioner entered the United States without inspection through the Mexican border on an unknown date and time, and at an unknown place. On May 6, 2026, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations, along with Officers from United States Customs and Border Protection, were conducting surveillance operations in the Bronx, New York for a targeted individual at his residence. ICE observed Petitioner, who resembled the likeness and build of the targeted individual, leave the aforementioned residence. ICE approached the Petitioner and identified themselves as ICE Officers, clearly displaying their badges and asked the individual for his name and identification. In response, Petitioner immediately began to flee on foot but was apprehended. After apprehending the Petitioner, ICE Officers conducted a field interview where Petitioner provided his identification, which confirmed that he was not the original target. ICE conducted query checks to positively identify the Petitioner, determined that he was not present in the United States with lawful status, and issued a Form I-200, Warrant for Arrest of Alien (the "Arrest Warrant") at approximately 5:50 p.m. *See* Exhibit A, Arrest Warrant. After issuance of the Arrest Warrant, Petitioner was arrested and detained by Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1226(a). On the same date, after taking Petitioner to 26 Federal Plaza for processing, ICE issued a Form I-862, Notice to Appear ("NTA") and served it on Petitioner. *See* Exhibit B.

On the same date, at approximately 9:28 p.m., ICE made an initial custody determination and determined that Petitioner was to remain detained by the Department of Homeland Security ("DHS") because he was a flight risk. *See* Exhibit C (Form I-286, Notice of Custody Determination). ICE did not determine that Petitioner posed a danger to persons or property. On May 27, 2026, the immigration court conducted removal proceedings and found that Petitioner was inadmissible pursuant to Immigration and Nationality Act § 212(a)(6)(A)(i), denied Petitioner's motion for voluntary departure, and ordered Petitioner removed. *See* Exhibit D (Order of the Immigration Judge). On June 3, 2026, the immigration court held custody redetermination proceedings, where Petitioner withdrew his application for bond redetermination without prejudice and the withdrawal was granted. *See* Exhibit E (Order of the Immigration Judge). As of the date of filing of this letter, Petitioner has not appealed the order of removal with the Board of Immigration Appeals, which becomes final after June 26, 2026. *See* Exhibit D at p. 4.

Based upon Petitioner's attempt to flee from ICE Officers, the custody determination made by ICE that Petitioner posed a flight risk, the issuance of the order of removal, and notably the Petitioner's voluntary withdrawal of a review of his custody determination on June 3, 2026, Respondents respectfully submit that Petitioner should not be released on his own recognizance, as provided in the Court's standing order. *See* 8 U.S.C. § 1226(e)("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

Thank You for Your Honor's consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: *Alina Austin*
Alina Austin
Special Assistant U.S. Attorney
(631) 715-7834